Filed 1/4/23  P. v. Smith CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>VINCENT EDWARD SMITH,<br><br>    Defendant and Appellant. | 2d Crim. No. B303467<br>(Super. Ct. No. NA074807)<br>(Los Angeles County) |

Vincent Edward Smith appeals an order denying his petition for resentencing pursuant to former Penal Code section 1170.95 (renumbered section 1172.6 without substantive change).[1]  We reverse the order and remand for an evidentiary hearing pursuant to section 1172.6.  (*People v. Strong* (2022) 13

---

[1] All statutory references are to the Penal Code.

Cal.5th 698, 717-718 [true finding on a felony-murder special-circumstance allegation rendered prior to *People v. Clark* (2016) 63 Cal.4th 522 and *People v. Banks* (2015) 61 Cal.4th 788 does not preclude a petitioner from showing eligibility for section 1172.6 relief].)

*FACTUAL AND PROCEDURAL HISTORY*

Smith's resentencing petition concerned his 2011 conviction of first degree murder (count 1) and burglary (count 2), with findings of: 1) special-circumstance murder committed during a burglary; 2) participation in a crime to benefit a criminal street gang; and 3) discharge of a firearm by a principal causing death. (§§ 187, subd. (a), 189, 459, 190.2, subd. (a)(17), 186.22, subd. (b)(4), 12022.53, subds. (b)-(e).)  The trial court sentenced Smith for the murder conviction to life without the possibility of parole, plus a consecutive indeterminate life term for the criminal street gang enhancement, plus a consecutive term of 30 years to life for the principal firearm use enhancement.  Sentences on a remaining count and enhancements were imposed but stayed pursuant to section 654.  Smith appealed.  We modified the judgment to strike the stayed parole revocation fine and awarded additional presentence custody credits, but otherwise affirmed. (*People v. Smith* (Feb. 5, 2013, B233544) [nonpub. opn.].)

Smith filed a section 1172.6 petition for resentencing alleging that his murder conviction rested upon the felony murder or the natural and probable consequences doctrines and that he was not the actual killer.  The trial court appointed counsel for Smith and ordered the parties to file written arguments regarding resentencing.  Following lengthy briefing, the court denied the petition in a thorough and thoughtful ruling, deciding that Smith was ineligible for resentencing as a major

participant in the crime who acted with reckless indifference for human life. (§ 189, subd. (e)(3).) In detail, the court discussed the factors set forth in *People v. Banks*, *supra*, 61 Cal.4th 788, in deciding its major participant and reckless indifference analysis.

*Summary of Trial Evidence*

In the late evening of October 26, 2006, Derrick Taylor, Jarrett Myers, and Smith, entrenched gang members of the "Santana Blocc Crips" criminal street gang, went to the residence of drug dealer John Ibrahim to obtain marijuana and cash. Taylor carried a firearm in his back pocket. Ibrahim also had a firearm. A firefight inside the residence ensued. Ibrahim was shot three times, twice in the back. He died in the bushes outside his residence. Neither Smith nor his codefendants sought help for Ibrahim.

During the gun battle, Ibrahim shot Smith in the neck. At trial, the parties stipulated that Smith's bloodstains were recovered in Ibrahim's bedroom. A window screen near the front door was broken, suggesting a forced entry into the residence.

Smith gave a statement to police officers admitting the gun battle, flight from the bedroom window, and his gang membership. Smith minimized his role in the murder, however, and stated that the men went to Ibrahim's residence to purchase marijuana although they were short of funds.

Smith appeals the resentencing order.

*DISCUSSION*

Smith argues that the trial court erred by denying his resentencing petition because his felony-murder special-circumstance conviction does not necessarily render him ineligible for section 1172.6 relief. The Attorney General concedes pursuant to *People v. Strong*, *supra*, 13 Cal.5th 698, 720

3

[special circumstance finding prior to *People v. Banks*, *supra*, 61 Cal.4th 788, and *People v. Clark*, *supra*, 63 Cal.4th 522, does not warrant summary denial of a section 1172.6 petition; instead, the matter must proceed to an evidentiary hearing].)

Section 1172.6 authorizes a defendant "convicted of felony murder or murder under the natural and probable consequences doctrine" (*id.*, subd. (a)) to challenge his murder conviction if, as a threshold matter, he makes a "prima facie showing" of entitlement to relief. (*Id.*, subd. (c).) This, in turn, requires a showing that, among other things, he "could not presently be convicted of murder" under the amendments to the murder statutes that became effective on January 1, 2019. (*Id.*, subd. (a)(3).) These statutes, even as amended, still authorize a murder conviction, however, based on murder committed by someone else in the course of a jointly committed felony as long as the defendant "was a major participant in the underlying felony and acted with reckless indifference to human life." (§ 189, subd. (e)(3).)

As the Attorney General concedes, *People v. Strong*, *supra*, 13 Cal.5th 698, is controlling. *Strong* concluded that "[f]indings issued by a jury before *Banks* and *Clark*" are not preclusive and "do not preclude a defendant from making out a prima facie case for relief." (*Id.,* at p. 710; *id.* at pp. 716-717.) *Strong* reasoned that *Banks* and *Clark* "substantially clarified" and narrowed the terms "major participant" and "reckless indifference." (*Id.* at p. 721.) Moreover, *Strong* held that it is inappropriate for any court to evaluate whether substantial evidence supports the jury's pre-*Banks* and pre-*Clark* finding if the evidence is viewed through the narrowed *Banks* and *Clark* prisms. (*Id.* at pp. 719-720.) In sum, *Strong* held that a pre-*Banks* and pre-*Clark* special

4

circumstance finding does not warrant summary denial of a section 1172.6 petition. Instead the matter must proceed to an evidentiary hearing. (*Id.* at p. 720.)

Here, Smith's special circumstance finding was made prior to *Banks* and *Clark*. Smith is entitled to an evidentiary hearing.

### DISPOSITION

The order denying the petition for resentencing is reversed, and the matter is remanded to the trial court to appoint counsel, issue an order to show cause, and conduct an evidentiary hearing pursuant to section 1172.6.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:



YEGAN, J.



BALTODANO, J.

5

Judith L. Meyer, Judge

Superior Court County of Los Angeles

_____

Joanna McKim, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Amanda V. Lopez and David W. Williams, Deputy Attorneys General, for Plaintiff and Respondent.